≈JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS
Mario Diaz-Balart and Corrine Brown

(b) County of Residence of First Listed Plaintiff  **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Cody, Esq., 16610 SW 82 Court, Palmetto Bay, FL 33157
Telephone 305-753-2250

### DEFENDANTS
State of Florida, Charlie Crist, in his capacity as Governor of Florida, Florida House of Representatives, and Florida Senate

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** / ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ✓ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ✓ YES ☐ NO      b) Related Cases ☐ YES ✓ NO
JUDGE _____      DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC 1983 challenge to Fla. Constit. Article III, § 20 as conflicting with Art. I, § 4 of U.S. Constitution

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 11/3/10

FOR OFFICE USE ONLY
AMOUNT _____   RECEIPT # _____   IFP _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CORRINE BROWN and MARIO DIAZ-BALART,

    Plaintiffs,

vs.

STATE OF FLORIDA, CHARLIE CRIST, in his official capacity as Governor of the State of Florida, THE FLORIDA HOUSE OF REPRESENTATIVES, and THE FLORIDA SENATE,

    Defendants.

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

    Plaintiffs Corrine Brown and Mario Diaz-Balart, by and through their undersigned counsel, sue Defendants, the State of Florida, Charlie Crist, in his official capacity as the Governor of the State of Florida, the Florida House of Representatives, and the Florida Senate and as grounds therefore would show:

    1.    Plaintiffs bring this action seeking a declaratory judgment that Article III, Section 20 of the Florida Constitution is unconstitutional as well as injunctive relief prohibiting the enforcement of Article III, Section 20 of the Florida Constitution.

    2.    This case is an action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57.

## PARTIES

3. Defendant State of Florida is one of the several states of the United States of America. The State of Florida is named as a party because this lawsuit challenges the constitutionality of Article III, Section 20 of the Florida Constitution.

4. Charlie Crist is the Governor of the State of Florida and is sued in his official capacity only. Governor Crist is the chief executive officer of the State of Florida whose duties include approving or vetoing a congressional redistricting plan adopted by the Florida Legislature after its receipt of Census data following the 2010 decennial Census.

5. The Florida House of Representatives is one of two chambers of the Florida Legislature. Under the Florida Constitution, bills enacted by the Legislature, including a Congressional reapportionment plan, must be approved by a majority of both chambers of the Florida Legislature. A vetoed Congressional reapportionment plan must be overturned by an extra-ordinary vote of the Florida House and the Florida Senate.

6. The Florida Senate is upper chamber of the Florida Legislature. A Congressional redistricting plan must receive a majority of the votes case in Senate, as well as an extra-ordinary vote of the Senate to override a gubernatorial veto.

7. Plaintiff Mario Diaz-Balart is a citizen of the State of Florida and is registered to vote in Miami-Dade County. Since 2003, Diaz-Balart has represented the citizens of Congressional District 25 in the United States House of Representatives. Hispanics comprise more than 50 percent of the voting-age population in Congressional District 25. In January 2011, Plaintiff Diaz-Balart will be representing the residents of Florida District 21. Hispanics comprise more than 50 percent of the voting-age population in Congressional District 21. Plaintiff Diaz-Balart is a member of a protected language

2

minority under the Voting Rights Act of 1965, as amended.  Plaintiff Diaz-Balart intends to run for Congress in 2012.

8.    Plaintiff Corrine Brown is a citizen of the State of Florida and is registered to vote in Duval County. Since 1993, Brown has represented the citizens of Congressional District 3 in the United States House of Representatives. African-Americans comprise nearly half of the voting-age population in Congressional District 3. Plaintiff Brown is a member of a protected racial minority under the Voting Rights Act of 1965, as amended.  Plaintiff Brown intends to run for Congress in 2012.

## JURISDICTION AND VENUE

9.    The Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1346(a)(2) because it arises under the Constitution and laws of the United States.

10.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because no real property is involved in this action and the State of Florida is situated in this judicial district.

## FACTS

11.   On September 28, 2007, the Florida Department of State, Division of Elections, approved an initiative petition prepared by FairDistrictsFlorida.org for circulation that establishes new criteria for Congressional redistricting.  The Congressional Petition obtained the necessary number of signatures and was certified for placement on the November 2010 general election ballot as Amendment 6.

12.   At the general election held in Florida on November 2, 2010, Amendment 6 was approved by more than 60 percent of the voters casting ballots on the question.

13.   Upon its receipt of more than 60 percent of the votes cast, Amendment 6 became Article III, section 20 of the Florida Constitution, which provides:

> Section 20. STANDARDS FOR ESTABLISHING CONGRESSIONAL DISTRICT BOUNDARIES
>
> In establishing Congressional district boundaries:
>
> (1)  No apportionment plan or individual district shall be drawn with the intent to favor or disfavor a political party or an incumbent; and districts shall not be drawn with the intent or result of denying or abridging the equal opportunity of racial or language minorities to participate in the political process or to diminish their ability to elect representatives of their choice; and districts shall consist of contiguous territory.
>
> (2)  Unless compliance with the standards in this subsection conflicts with the standards in subsection (1) or with federal law, districts shall be as nearly equal in population as is practicable; districts shall be compact; and districts shall, where feasible, utilize existing political and geographical boundaries.
>
> (3) The order in which the standards within sub-sections (1) and (2) of this section are set forth shall not be read to establish any priority of one standard over the other within that subsection.

*See, Adv. Op. to Att'y Gen. re Standards for Establishing Legislative Dist. Boundaries*, 2 So. 3d 175 (Fla. 2009) for the text of the language of Amendment 6.

14.   Section 5 of the VRA, which applies to changes in electoral practices and procedures in five Florida counties (Collier, Hardy, Hendry, Hillsborough, and Monroe), prohibits changes that "lead to retrogression in the position of racial minorities with respect to the effective exercise of the electoral franchise." *Georgia v. Ashcroft*, 539 U.S. 461, 477 (2003) (quoting *Miller v. Johnson*, 515 U.S. 900, 926 (1995)). Whether a change will result in retrogression "depends on an examination of all the relevant circumstances," including "the extent of the minority group's opportunity to participate in the political process." *Id*. at 479.

15.   Section 5 of the Voting Rights Act of 1965, as amended, ensures that no voting change "has the purpose or will have the effect of diminishing the ability of any citizen of the United States on account of race or color . . . to elect their preferred candidates of choice." 42 U.S.C. § 1973c(b). Section

4

5 does not guarantee equality, but merely prevents backsliding, or "retrogression." The benchmark for comparison is the status quo, and not the ideal of equality.

16.     One component of the opportunity to participate in the political process is the preservation of minority incumbents in positions of legislative influence and leadership. *Id*. at 483. Thus, the VRA requires the Legislature to weigh incumbency when it assesses compliance with Section 5, and permits it to favor minority incumbents as a means of compliance.

17.     The Legislature will not be fully able to assess and protect racial minorities' opportunity to participate in the political process unless it assesses and protects the achievements of minority incumbents. Because the conflicting requirements in subsection (1) of Article III, section 20 claim equal dignity in the hierarchy of requirements, the constitutional amendment creates an irreconcilable contradiction. This internal conflict presents a facial conflict with Section 5 of the Voting Rights Act of 1965, as amended.

18.     There is an actual controversy of sufficient immediacy and concreteness relating to the legal rights and duties of the Legislature in drawing Congressional districts to warrant relief under 28 U.S.C. § 2201.

19.     The harm to the citizens and voters in the State of Florida, including Plaintiffs, is sufficiently real and/or imminent to warrant the issuance of a conclusive declaratory judgment usefully clarifying the legal relations of the parties.

20.     Plaintiffs have retained the undersigned counsel and have agreed to pay him a reasonable fee for his services.

**COUNT I – VIOLATION OF THE SUPREMACY AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION**

21.     Plaintiffs repeat and realleges the allegations of paragraphs 1 through 20 as if set forth herein.

22. The Supremacy Clause of the Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2.

23. The first clause of the Fourteenth Amendment to the United States Constitution provides:

> Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. *No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

Emphasis supplied.

24. The United States Constitution delegates the task of setting the time, place, and manner of setting Congressional elections to the Legislatures of each of the several States.

25. Article I, Section 4, Clause 1 specifically provides:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing [sic] Senators.

26. The authority to draw Congressional Districts falls within the ambit of "time, place and manner" authority found in Article I, Section 4, Clause 1. *See Vieth v. Jubelirer*, 541 U.S. 267, 275 (2004) (plurality opinion) ("Article I, § 4, while leaving in state legislatures the initial power to draw districts for federal elections, permitted Congress to 'make or alter' those districts if it wished.")

27. Congress has exercised the authority reserved to in Article I, Section 4, Clause 1. In The Apportionment Act of 1842, 5 Stat. 491, Congress provided that Representatives must be elected from single-member districts "composed of contiguous territory." Congress again imposed these requirements in The Apportionment Act of 1862, 12 Stat. 572, and in 1872 further required that districts "contai[n] as

nearly as practicable an equal number of inhabitants," 17 Stat. 28, § 2. In The Apportionment Act of 1901, Congress imposed a compactness requirement. 31 Stat. 733. The requirements of contiguity, compactness, and equality of population were repeated in the 1911 apportionment legislation, 37 Stat. 13, but were not thereafter continued. Today, only the single member-district requirement remains. See 2 U. S. C. § 2c.

28. Article III, Section 20 of the Florida Constitution represents an impermissible effort by Florida to limit the discretion directly delegated by the United States Constitution to the Florida Legislature.

29. Under Article 1, Section 4, Clause 1, the discretion to set the time, place, and manner of holding Congressional elections belongs to the Florida Legislature. That discretion may only be limited or circumscribed by the Congress and not by way of an amendment to the Florida Constitution.

30. Article III, Section 20 may not immediately and unconditionally be enforced unless and until Congress authorizes circumscription of the Florida Legislature's power to set the time, place and manner of Congressional elections, including drawing districts.

31. Accordingly, Article III, Section 20 of the Florida Constitution violates the Supremacy Clause and is invalid.

32. A violation of the United States Constitution may be challenged pursuant to 42 U.S.C. § 1983.

### COUNT II – PREEMPTION UNDER FEDERAL LAW

33. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 20 and 22 through 32 as if set forth herein.

34. Article III, Section 20 of the Florida Constitution is preempted by Article I, Section 4, Clause 1 of the United States Constitution.

35. Article III, Section 20 of the Florida Constitution is also preempted by Section 5 of the Voting Rights Act of 1965, as amended, and the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter an order declaring that Article III, Section 20 of the Florida Constitution is unconstitutional on its face as an attempt to circumscribe the Constitutional discretion that devolves from Article I, Section 4, Clause 1 of the United States Constitution to the Florida Legislature to set the time, place, and manner of Congressional elections, including the drawing of Congressional districts;

B. Enter an order declaring that Article III, Section 20 of the Florida Constitution is unconstitutional on its face as being in direct violation of Section 5 of the Voting Rights Act of 1965, as amended, and the regulations promulgated thereunder.

B. Enjoin Defendants and any other agency or official acting on behalf of Defendants from enforcing Article III, Section 20 of the Florida Constitution;

C. Award Plaintiffs reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 by and through 42 U.S.C. § 1983 and 28 U.S.C. § 1343; and

D. Grant such other relief as the Court deems just and proper.

STEPHEN M. CODY, ESQ.
16610 SW 82 Court
Palmetto Bay, FL 33157
Telephone: (305) 753-2250
Fax: (305) 468-6421
Email: stcody@stephencody.com

_____
Fla. Bar No. 334685