UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIO DIAZ-BALART and CORRINE
BROWN,

    Plaintiffs,

  - and –

THE FLORIDA HOUSE OF
REPRESENTATIVES,

    Proposed Intervening Plaintiff,

Case No.: 10-CV-23968-UNGARO

v.

STATE OF FLORIDA,

    Defendant.
_____/

## FLORIDA HOUSE OF REPRESENTATIVES' PROPOSED COMPLAINT IN INTERVENTION FOR DECLARATORY RELIEF

Intervening Plaintiff, the Florida House of Representatives (the "House"), files this proposed Complaint in Intervention for Declaratory Relief.

### Introduction

1. This action challenges the constitutionality of a recently adopted provision of the Florida Constitution: Article III, Section 20 (the "Amendment"). The House seeks a declaration that the Amendment conflicts with, and therefore violates, the Elections Clause of the United States Constitution. *See* U.S. Const. art. I, § 4, cl. 1.

2. Because the Amendment purports to abridge the plenary and exclusive authority conferred on the Florida Legislature by the Elections Clause of the United States Constitution to regulate the time, place, and manner of conducting elections for Congress, it is unconstitutional.

# 253521 v1

### The Parties

3. Intervening Plaintiff is the Florida House of Representatives, one of two houses of the Florida Legislature, in which "[t]he legislative power of the state shall be vested." *See* Art. III, sec. 1, Fla. Const.

4. Defendant is the State of Florida.

5. In addition, certain interest groups have moved to intervene as additional defendants.

### Jurisdiction and Venue

6. This case involves a challenge based on the federal constitution. This Court has subject-matter jurisdiction of this case pursuant to 28 U.S.C. § 1331.[1]

7. This case is brought in Florida against the State of Florida; venue is proper.

8. The Court has authority to grant declaratory and prospective injunctive relief pursuant to 28 U.S.C. §§ 2201(a) and 2202.

### Claim for Relief – Count I

9. The allegations contained in Paragraphs 1 through 8 above are incorporated as though restated here.

10. The Elections Clause authorizes state legislatures to regulate the time, place, and manner of holding congressional elections. It provides:

> The Times, Places, and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

U.S. Const, art. I, § 4, cl. 1.

---

[1] The State of Florida has asserted Eleventh Amendment immunity as a jurisdictional defense. (Doc. 26.) The House takes no position on this defense.

11. Pursuant to its authority under the Elections Clause to prescribe the manner of holding elections for the United States House of Representatives, the Florida Legislature enacts a new congressional redistricting plan after each decennial census.

12. The discretion of state legislatures, in the performance of this federal function, is not subject to constraint by state constitutional provisions. The discretionary power delegated by the Elections Clause to the Legislature is plenary and exclusive, and cannot be limited or circumscribed by the Florida Constitution.

13. By imposing state constitutional mandates on congressional redistricting, the Amendment fetters the discretionary power vested by the Elections Clause in the Florida Legislature, and it thus violates the United States Constitution.

14. This controversy is real and immediate. A prompt determination of the constitutionality of the Amendment is essential to the Legislature's ability to lay the necessary foundation for the adoption of a congressional redistricting plan in 2012.

15. No remedy at law can redress the constitutional infirmity.

16. Accordingly, the House seeks and is entitled to a declaration that the Amendment violates the Elections Clause of the United States Constitution.

**WHEREFORE**, the Florida House of Representatives respectfully requests the Court to:

a. Declare the Amendment facially unconstitutional under the Elections Clause of the United States Constitution; and

b. Grant such other relief as the Court may deem proper.

Dated this fourteenth day of January, 2011.

Respectfully submitted,

/s/ *Allen Winsor*
George N. Meros, Jr.
Florida Bar No. 263321
Allen Winsor
Florida Bar No. 016295
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida  32302-1189
Telephone:  850/577-9090
Facsimile:  850/577-3311
gmeros@gray-robinson.com
awinsor@gray-robinson.com

*Attorneys for Proposed Intervenor, the Florida House of Representatives*

Miguel De Grandy
Florida Bar No. 332331
800 Douglas Road, Suite 850
Coral Gables, Florida 33134
Telephone:  305-444-7737
Facsimile:  305-443-2616
Email:  mad@degrandylaw.com

### CERTIFICATE OF SERVICE

**I hereby certify** that on January 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Allen Winsor*
Allen Winsor
Florida Bar No. 016295

Service List
*Diaz-Balart and Brown v. State of Florida*
Case No. 10-CV-23968-UNGARO
United States District Court, Southern District of Florida
*Service by CM/ECF Notice*

**Stephen M. Cody**
800 S Douglas Road, Suite 850
Coral Gables, FL 33134-2088
Tel: 305-416-3135 Fax: 305-416-3153
Email: stcody@stephencody.com
Attorney for Plaintiffs Diaz-Balart and Brown

**Jonathan A. Glogau**
Attorney General's Office
Department of Legal Affairs
The Capitol PL-01
Tallahassee, FL 32399-1050
Tel: 850-414-3300 Fax: 850-488-6589
Email: jon.glogau@myfloridalegal.com
Attorney for Defendant State of Florida

**Randall C. Marshall**
American Civil Liberties Union
 Foundation of Florida
4500 Biscayne Boulevard, Suite 340
Miami, FL 33137-3227
Tel: 786-363-2700 Fax: 786-363-1108
Email: rmarshall@aclufl.org
Attorney for Proposed Intervening Defendants,
ACLU, Simon, Henry, Watson, and Standly

**Moffatt Laughlin McDonald**
American Civil Liberties Union
 Foundation Inc
230 Peachtree Street NW, Suite 1440
Atlanta, GA 30303-1227
Tel: 404-523-2721
Email: lmcdonald@aclu.org
Attorney for Proposed Intervening Defendants,
ACLU, Simon, Henry, Watson, and Standly

**Eric R. Haren**
**Michael B. DeSanctis**
**Paul M. Smith**
Jenner & Block, LLP
1099 New York Avenue, NW
Washington, DC 20001
Tel: 202-639-6000
Email: eharen@jenner.com
         mdesanctis@jenner.com
         psmith@jenner.com
Attorney for Proposed Intervening Defendants
Russell, Spencer, Collins, Enciso, Easdale, Florida
State Conference of NAACP Branches, and
Democracia Ahora

**Stephen Frederick Rosenthal**
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
Tel: 305-358-2800 Fax: 305-358-2382
Email: srosenthal@podhurst.com
Attorney for Proposed Intervening Defendants
Russell, Spencer, Collins, Enciso, Easdale, Florida
State Conference of NAACP Branches, and
Democracia Ahora

**J. Gerald Hebert**
191 Somervelle Street, #405
Alexandria, VA 22304
Tel: 703-628-4673 Fax: 567-5876
Email: GHebert@campaignlegalcenter.org
Attorney for Proposed Intervening Defendants
Russell, Spencer, Collins, Enciso, Easdale, Florida
State Conference of NAACP Branches, and
Democracia Ahora