UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10 - CV- 23968 -UNGARO

MARIO DIAZ-BALART and CORRINE
BROWN,

      Plaintiffs,

and

THE FLORIDA HOUSE OF
REPRESENTATIVES,

      Plaintiff-Intervenor,

vs.

KURT BROWNING, in his official capacity as
Secretary of State of the State of Florida,

      Defendant,

and

FLORIDA STATE CONFERENCE OF
NAACP BRANCHES, *et al*.,

      Intervening Defendants.

_____

## PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THE SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Mario Diaz-Balart and Corrine Brown, and Plaintiff-Intervenor The Florida House of Representatives, (collectively "Plaintiffs"), respectfully submit this joint motion for leave to file a sur-reply in opposition to the Secretary of State's Motion for Summary Judgment.

The parties all agree that any state regulation of the time, place, or manner of federal elections must be authorized by the Elections Clause. The United States Supreme Court has made this clear. *See Cook v. Gralike,* 531 U.S. 510, 523 (2001) ("[T]he States may regulate the

incidents of [congressional] elections, including balloting, only within the exclusive delegation of power under the Elections Clause.").  The primary issue in this case, then, is whether the Elections Clause authorizes Amendment Six.  Plaintiffs contend it does not; Defendants contend it does.

But in the reply filed June 24, 2011, the Secretary of State advanced a new argument— that Amendment Six was not a regulation of the manner of elections at all.  This contradicts the Secretary's earlier argument, and Plaintiffs should be permitted an opportunity to respond to this changed position and new argument.

In an earlier brief, under a heading "Amendment 6 Is An Appropriate Regulation of the Manner of Federal Elections," the Secretary argued that:

> Amendment 6 imposes universally accepted standards recognized for congressional redistricting *and is an appropriate regulation of the manner of federal elections*.
>
> * * *
>
> These standards are 'generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself' and, therefore, *do not exceed* the State's Elections Clause authority.
>
> * * *
>
> Accordingly, *Amendment 6 is an appropriate regulation of the manner of federal elections*.

(Doc. 71 at 15) (emphasis added).  But now the Secretary argues the direct opposite:

> Plaintiffs misinterpret the effect of Amendment 6.  *Amendment 6 does not regulate the manner of holding elections*.  Amendment 6 does nothing more than establish criteria for the Florida Legislature to follow in creating redistricting laws that *do* regulate elections for Congress.

(Doc. 77 at 8) (emphasis added).[1]

---

[1] Although much less clear, Intervening Defendants might be now advancing the same argument.  In their reply, they contend that "Plaintiffs ignore that *Smiley* and *Hildebrant* were

Until filing the reply brief, the Secretary had never argued that Amendment Six was *not* a regulation of federal elections.  The Secretary's new contention is wrong, and Plaintiffs respectfully suggest that they should have an opportunity to respond.

Plaintiffs seek leave to file a short sur-reply.  If permitted, Plaintiffs would file no more than three double-spaced pages of argument, limited to the narrow issue presented above, promptly after the Court's order permitting the filing.  A copy of Plaintiffs' proposed sur-reply is attached as an exhibit to this Motion.

<u>Certificate of Pre-filing Conference</u>

Pursuant to Local Rule 7.1(a)(3), counsel for movant certifies that he has conferred with all parties in a good-faith effort to resolve the issues raised in this motion and has been unable to do so.  Defendant and Intervening Defendants object to the filing of a sur-reply.

Respectfully submitted this fifth day of July, 2011.

/s/ *Stephen M. Cody*
Stephen M. Cody
Fla. Bar No. 334685
16610 SW 82 Court
Palmetto Bay, Florida 33157
(305) 753-2250
Fax (305) 468-6421
stcody@stephencody.com
*Attorneys for Plaintiffs Corrine Brown and*
*Mario Diaz-Balart*

/s/ *Allen Winsor*
George N. Meros, Jr.
Fla. Bar No. 263321
Allen Winsor
Fla. Bar No. 016295
GRAYROBINSON PA
Post Office Box 11189
Tallahassee, FL 32302
(850) 577-9090
Fax (850) 577-3311
gmeros@gray-robinson.com
awinsor@gray-robinson.com
*- and-*

---

both concerned with the enactment of actual redistricting plans—the plans that would then govern the manner of 'holding elections' for congressional representatives in those states." (Doc. 78 at 2-3.)  In their earlier brief, they insisted that the Supreme Court "made clear that the Elections Clause of the Constitution allows states to regulate congressional elections (and by extension redistricting) through *any* means of lawmaking, including the initiative and referendum."  (Doc. 74 at 2.)  To the extent Intervening Defendants now contend that Amendment Six is *not* a regulation of federal elections, Plaintiffs' sur-reply would address that new argument as well.

\255036\8 - # 276872 v1

Miguel De Grandy
Florida Bar No. 332331
800 Douglas Road, Suite 850
Coral Gables, Florida 33134
(305) 444-7737
Fax (850) 443-2616
mad@degrandylaw.com
*Attorneys for Intervening Plaintiff, Florida
House of Representatives*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served through the Court's CM/ECF system, unless otherwise noted, this fifth day of July, 2011 to the following:

Harry Thomas
Radey Thomas Yon and Clark
301 South Bronough Street
Suite200
Tallahassee, Florida  32301
Phone:  850-425-6654
Email:  hthomas@radeylaw.com
*Attorneys for the Florida Secretary of State*

Michael B. DeSanctis
Paul M. Smith
Jenner & Block, LLP
1099 New York Avenue, NW
Washington, DC 20001
Phone:  202-639-6000
Email: eharen@jenner.com
*Attorneys for Intervenors Leon Russell,
Patricia T Spencer, Carolyn H Collins, Edwin
Enciso, Stephen Easdale, Florida State
Conference of NAACP Branches and
Democracia Ahora*

J. Gerald Hebert
191 Somervelle Street, #405
Alexandria, VA 22304
Phone:  703-628-4673
Fax:  567-5876
Email: GHebert@campaignlegalcenter.org
*Attorneys for Intervenors Leon Russell,
Patricia T Spencer, Carolyn H Collins, Edwin
Enciso, Stephen Easdale, Florida State
Conference of NAACP Branches and
Democracia Ahora*

M. Laughlin McDonald
ACLU Foundation
230 Peachtree St., NW, Suite 1440
Atlanta, Georgia 30303
Phone:  404-523-2721
Email:  lmcdonald@aclu.org

Randall C. Marchall
ACLU Foundation
4500 Biscayne Blvd., Suite 340
Miami, Florida  33137
Phone: 786-363-2700
*Attorneys for Intervenors ACLU of Florida;
Howard Simon, Benetta M. Standly, Susan
Watson, and Joyce Hamilton Henry*

4

\255036\8 - # 276872 v1

Stephen Frederick Rosenthal
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
Phone:  305-358-2800
Fax:  305-358-2382
Email: srosenthal@podhurst.com
*Attorneys for Intervenors Leon Russell,*
*Patricia T Spencer, Carolyn H Collins, Edwin*
*Enciso, Stephen Easdale, Florida State*
*Conference of NAACP Branches and*
*Democracia Ahora*

Jon L. Mills
Boies, Schiller, and Flexner, LLP
100 S.E. Second Street
Suite 2800
Miami, FL 33131
Phone  305-539-8400
Email: jmills@bsfllp.com
*Attorneys for Janet Cruz, Arthenia L. Joyner,*
*Luis R. Garcia, Joseph A. Gibbons and Perry*
*E. Thurston*

Carl Edward Goldfarb
Boies Schiller & Flexner
401 E Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Phone:  954-356-0011
Fax:  356-0022
Email: cgoldfarb@bsfllp.com
*Attorneys for Janet Cruz, Arthenia L. Joyner,*
*Luis R. Garcia, Joseph A. Gibbons and Perry*
*E. Thurston*

Stuart H. Singer
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL  33301
Phone:  954-356-0011
Email:  ssinger@bsfllp.com
*Attorneys for Janet Cruz, Arthenia L. Joyner,*
*Luis R. Garcia, Joseph A. Gibbons and Perry*
*E. Thurston*

Joseph W. Hatchett
Akerman Senterfitt
106 East College Avenue
12th Floor
Tallahassee, FL  32301
Tel:  850.224.9634
Fax:  850.222.0103
Email joseph.hatchett@akerman.com
*Attorneys for Janet Cruz, Arthenia L. Joyner,*
*Luis R. Garcia, Joseph A. Gibbons and Perry*
*E. Thurston*

/s/  Allen Winsor
Allen Winsor

**EXHIBIT A – Proposed Sur-Reply**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10 - CV- 23968 -UNGARO

MARIO DIAZ-BALART and CORRINE
BROWN,

      Plaintiffs,

and

THE FLORIDA HOUSE OF
REPRESENTATIVES,

      Plaintiff-Intervenor,
vs.

KURT BROWNING, in his official capacity as
Secretary of State of the State of Florida,

      Defendant,

and

FLORIDA STATE CONFERENCE OF
NAACP BRANCHES, *et al*.,

      Intervening Defendants.

_____

## PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT SUR-REPLY IN OPPOSITION TO THE SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Mario Diaz-Balart and Corrine Brown, and Plaintiff-Intervenor The Florida House of Representatives, (collectively "Plaintiffs"), pursuant to this Court's order granting leave (Doc. __), respectfully submit this joint sur-reply in opposition to the Secretary of State's Motion for Summary Judgment.

## ARGUMENT

In his reply brief in support of his motion for summary judgment, the Secretary of State for the first time argued that "Amendment 6 does *not* regulate the manner of holding elections." (Doc. 77 at 8) (emphasis added).  This is contrary to the Secretary's earlier argument, that "Amendment 6 *is* an appropriate regulation of the manner of federal elections."  (Doc. 71 at 15) (emphasis added).  With respect to whether Amendment Six regulates the manner of federal elections, the Secretary had it right the first time.

The text of Amendment Six unequivocally precludes this argument.  As enacted, Amendment Six governs the "Standards for Establishing Congressional District Boundaries." Moreover, it has long been understood that redistricting "standards" for state legislatures to follow are themselves regulations of elections.  The Elections Clause delegates regulation of the "Manner of holding Elections" to each state Legislature, but it also provides that "Congress may at any time make or alter such Regulations."  U.S. Const. art. I, § 4.  Congress has regularly used its authority to make "such Regulations" by imposing redistricting standards.  For example, state legislatures currently may draw only single-member districts.  *See* 2 U.S.C. § 2c.  Formerly, Congress mandated compact districts—just as Amendment Six would.  *See* 31 Stat. 733; *see also* (Doc. 67 at 19 n.12).  Even though these "standards" left the actual line drawing to state legislatures, they certainly regulated the manner of elections.  *See League of United Latin American Citizens v. Perry*, 548 U.S. 399, 415 (2006) ("Congress, as the text of the Constitution['s Elections Clause] also provides, may set further requirements, and with respect to districting it has generally required single-member districts.") (Kennedy, J.).  In *Vieth v. Jubelirer*, 541 U.S. 267, 276 (2004) (plurality), the Court explored the history of congressional redistricting standards, which, it noted, were imposed under "[t]he power bestowed on Congress

EXHIBIT A – Proposed Sur-Reply

to regulate elections."  *Id.*  Indeed, as the Secretary acknowledged in an earlier brief, Congress's

Apportionment Acts demonstrate that redistricting standards regulate "the manner of federal

elections."  (Doc. 71 at 17 n.11.)  If redistricting standards imposed by Congress regulate the

manner of elections, then redistricting standards imposed by the Florida Constitution do too.

Moreover, the Secretary submitted Amendment Six to the Department of Justice for pre-

clearance under Section 5 of the Federal Voting Rights Act, which applies only to "voting

qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting."

*See Presley v. Etowah County Comm'n*, 502 U.S. 491, 494 (1992) (quoting statute).  If

Amendment Six were nothing more than a limitation on the authority of elected officials, pre-

clearance would have been unnecessary.  *See id.* at 505-06 (rejecting "the view advanced by

appellants and the United States, every time a state legislature acts to diminish or increase the

power of local officials, preclearance would be required").[2]

The Secretary's new argument also highlights the weakness of Defendants' case.  All

parties agree that state regulation of federal elections must be enacted through the state's

legislative process.  Thus, Defendants must demonstrate either (i) Amendment Six *is not* a

regulation of federal elections or (ii) it *was* enacted through the legislative process.

After appropriately conceding that Amendment Six was *not* enacted through the

legislative process, (Doc. 77 at 2),[3] the Secretary now contends that Amendment Six is *not* a

---

[2] Notably, Intervening Defendants League of Women Voters of Florida, Democracia Ahora, and the Florida State Conference of NAACP Branches, along with others, sued the Secretary in this Court, seeking to force the submission of Amendment Six to the Department of Justice.  *See LOWV, et al. v. Rick Scott and Kurt Browning*, Case No. 4:11-cv-10006-KMM. This Court dismissed the case for lack of jurisdiction.  *See id.*, doc. 30 (Apr. 15, 2011).

[3] The Secretary correctly explains that "Amendment 6 was not enacted through the ordinary legislative process.  Constitutional amendments are never enacted through the ordinary legislative process, as there are fundamental differences between ordinary legislation and constitutional provisions, and there are, by constitutional design, distinct procedures for

EXHIBIT A – Proposed Sur-Reply

regulation of federal elections.  Intervening Defendants maintain the opposite; they argue that

Amendment Six "was indeed adopted as part of the legislative process," and that the citizen

initiative "is an integral part of that process."  (Doc. 78 at 6.)  Through these diametrically

opposed approaches, Defendants hope to convince this Court that Amendment Six is no different

than the veto provision in *Smiley* or the referendum provision in *Hildebrant*.  But it is

fundamentally different.  Minnesota's general veto provision, and Ohio's general referendum

provision regulated only those states' legislative processes—not the manner of federal elections.

Substantive redistricting standards, on the other hand (whether imposed by Congress or a state

constitution), *do* regulate the manner of federal elections.

Finally, if the Secretary were correct that a constitutional provision could substantively

dictate the legislature's redistricting actions without itself regulating elections, then the Elections

Clause's use of "by the Legislature thereof" would have little meaning.  The Secretary suggests

no limit to what substantive limitations would be permissible.  The Secretary's argument would

therefore permit a state constitutional provision demanding the Legislature draw specific

districts—or even demanding the Legislature adopt a plan crafted by a state executive.  *But see*

*Libertarian Party of Ohio v. Brunner*, 567 F. Supp. 2d 1006, 1011 (S.D. Ohio 2008) ("Plaintiffs

correctly contend that only the legislative branch has the authority, under Articles I and II of the

United States Constitution, to prescribe the manner of electing candidates for federal office.").

The Secretary's new argument is wrong.  Amendment Six regulates the manner of federal

elections.  And because the Elections Clause authorizes only regulations adopted through the

legislative process, Amendment Six is invalid.

---

amending the Florida Constitution and enacting Florida Statutes."  (Doc. 77 at 2.)  The
Intervening Defendants strain to make the directly contrary argument, notwithstanding the plain
language of the Florida Constitution.  (Doc. 78 at 6.)

**EXHIBIT A – Proposed Sur-Reply**

Respectfully submitted this __ day of _____, 2011.


_____          _____
Stephen M. Cody                        George N. Meros, Jr.
Fla. Bar No. 334685                    Fla. Bar No. 263321
16610 SW 82 Court                      Allen Winsor
Palmetto Bay, Florida 33157            Fla. Bar No. 016295
(305) 753-2250                         GRAYROBINSON PA
Fax (305) 468-6421                     Post Office Box 11189
stcody@stephencody.com                 Tallahassee, FL 32302
*Attorneys for Plaintiffs Corrine Brown and*   (850) 577-9090
*Mario Diaz-Balart*                    Fax (850) 577-3311
                                       gmeros@gray-robinson.com
                                       awinsor@gray-robinson.com
                                       *- and-*
                                       Miguel De Grandy
                                       Florida Bar No. 332331
                                       800 Douglas Road, Suite 850
                                       Coral Gables, Florida 33134
                                       (305) 444-7737
                                       Fax (850) 443-2616
                                       mad@degrandylaw.com
                                       *Attorneys for Intervening Plaintiff, Florida*
                                       *House of Representatives*

\255036\8 - # 276872 v1