UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CV-23968-UNGARO

MARIO DIAZ-BALART and
CORRINE BROWN,

    Plaintiffs,

and

THE FLORIDA HOUSE OF
REPRESENTATIVES,

    Plaintiff-Intervenor,

v.

KURT S. BROWNING,
in his official capacity as Secretary of
State of Florida,

    Defendant,

and

FLORIDA STATE CONFERENCE OF
NAACP BRANCHES, *et al*.,

    Intervening Defendants.
_____/

**DEFENDANT SECRETARY'S RESPONSE TO PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO THE SECRETARY'S MOTION FOR SUMMARY JUDGMENT.**

Defendant, Kurt S. Browning in his official capacity as Secretary of State of Florida ("Secretary"), submits this response to Plaintiffs' and Plaintiff-Intervenor's (collectively "Plaintiffs") Joint Motion for Leave to File a Sur-Reply in Opposition to the Secretary's Motion for Summary Judgment.

The Order, Doc. 80, granting Plaintiffs' Joint Motion for Leave to File a Sur-Reply was received via electronic service just before this response in opposition was to be filed. Because

1

the Order was entered before the Secretary had an opportunity to respond in opposition within the 14 day time period provided in S.D. Fla. L.R. 7.1 (c), the Secretary files this memorandum in opposition so that the record before the Court will be complete and the Court will be fully informed of the reasons the Secretary opposed the motion.

## MEMORANDUM IN OPPOSITION

Plaintiffs select isolated sentences from the Secretary's legal memoranda filed in this case and claim the Secretary advanced a new argument in his Reply filed June 24, 2011.  A review of the Secretary's pleadings, read in their entirety, demonstrate that the Secretary's position has remained the same throughout this case – namely, that state constitutional "checks" or "limitations" on the state's lawmaking power and processes are not violative of the Elections Clause notwithstanding their effect on the congressional redistricting process pursuant to the Legislature's exercise of its Elections Clause duties.

Contrary to Plaintiffs' assertion, the Secretary's Reply brief did not contain an argument different from that in his Response to Plaintiffs' Joint Motion for Summary Judgment.  In section III of the Secretary's Response to Plaintiffs' Joint Motion for Summary Judgment (and selectively quoted by Plaintiffs on page 3 of their Motion for Leave to File a Sur-Reply), the Secretary argued that Amendment 6 does not impact the outcome of congressional elections and, therefore, does not exceed the State's Elections Clause authority.  In this section of the Secretary's Response, the Secretary was merely responding to Plaintiffs' argument that Amendment 6 impacts the outcome of congressional elections.  In Plaintiffs' Motion for Summary Judgment, Plaintiffs' likened Amendment 6 to a provision "designed to favor certain candidates and handicap certain others" and argued that Amendment 6 "seeks to impact the electoral outcomes themselves." Doc. 67, p. 19.  The Secretary responded to this argument by

explaining that the effect of Amendment 6 is to impose "standards for the Legislature to follow in drawing congressional district lines" and is unlike ballot access restrictions designed to favor congressional candidates who support term limits. Doc. 71, pp. 15-16. As the Secretary argued, Amendment 6 imposes universally recognized standards for congressional redistricting and therefore is an appropriate regulation of the manner of federal elections.

At all times, however, the Secretary has characterized Amendment 6 as a constitutional provision that modifies the legislative process for congressional redistricting by imposing standards for the Legislature to follow in reapportioning congressional districts. *See* Doc. 71, p. 5 ("Amendment 6 effectively modifies the process by which the Legislature draws congressional districts."); Doc. 72, p. 2 ("The question presented in this case is whether the Elections Clause invalidates amendments to state constitutions that modify the legislative process by imposing standards for the legislature to follow in carrying out its duty to draw congressional districts."); Doc. 77, pp. 1-2 ("Amendment 6 . . . serves as a check in the legislative process for congressional redistricting by imposing standards for the legislature to follow in carrying out its duty to draw congressional districts.").

The Secretary's Reply is no different. Plaintiffs isolate one sentence from page 8 of the Secretary's Reply and assert the Secretary has advanced a new argument. Doc. 79, p. 2. This part of the Reply was intended to address Plaintiffs' assertion that the purpose of Amendment 6 is to "keep incumbents from winning." Doc. 76, p. 18. What the Secretary intended on page 8 of his Reply is that Amendment 6 is not outcome determinative and is not itself a redistricting measure because it does not reapportion congressional districts. In the sentence that follows the language quoted by Plaintiffs, the Secretary reemphasized his position in earlier pleadings that "Amendment 6 is nothing more than a constitutional check in the legislative process that the

Florida Legislature must adhere to" in carrying out its duty to reapportion congressional districts. Doc. 77, p. 8. The Secretary prefaced this argument on page 3 of his Reply wherein he explained that "Amendment 6 does not redistrict the state or establish any congressional boundaries. Rather, Amendment 6 operates as a constitutional check in the legislative process for adopting future redistricting measures." By making this argument, the Secretary was pointing out that Amendment 6 is analogous to the constitutional provisions at issue in *Smiley v. Holm*, 285 U.S. 355 (1932) and *Ohio ex rel. Davis v. Hildebrant*, 241 U.S. 565 (1916). This distinction was necessary because Plaintiffs, in their Joint Response to the Secretary's Cross-Motion for Summary Judgment, incorrectly analogized Amendment 6 to the actual redistricting measures in *Smiley* and *Hildebrant*, not the state constitutional provisions that impacted the redistricting measures enacted by the state legislatures. Doc. 76, pp. 5-6.

The Secretary's Reply, read in its entirety, demonstrates that the Secretary was not advancing a new argument. The Secretary has continually maintained that Amendment 6 modifies the legislative process for congressional redistricting by establishing standards, or criteria, for the Legislature to follow in reapportioning congressional districts. By regulating the legislative process for congressional redistricting, Amendment 6 is an appropriate regulation of the manner of federal elections, although not itself a redistricting measure because it does not reapportion congressional districts. To the extent the Secretary's Reply can be read to suggest otherwise, the Secretary did not intend such interpretation.

Moreover, the Secretary did not contend (and has never contended) that an Elections Clause analysis is inappropriate in this case. At all times the Secretary's argument has been that the Elections Clause does not prevent states from defining (and redefining through constitutional amendment) the legislative power and processes of the state, even the power and process for

congressional redistricting legislation. The Secretary has continually maintained that a state's Elections Clause powers are to be exercised by the legislative power of the state – whatever the state constitution defines that to be. In his Reply, the Secretary simply focused exclusively on the method of enactment and distinguished actual congressional redistricting measures from state constitutional provisions impacting legislative power to enact redistricting measures. The Secretary argued that the former must be enacted through the ordinary legislative process but that the latter does not. This in no way differs from the Secretary's primary argument that constitutional limitations or checks on legislative authority are necessarily implied in the Elections Clause delegation to state legislatures. Because the Secretary did not advance a new argument in his Reply brief, Plaintiffs' Motion for Leave to File a Sur-Reply should be denied.

Finally, the Secretary strongly disagrees with the statement in Plaintiffs' proposed Sur-Reply in Opposition to the Secretary's Motion for Summary Judgment that "[a]ll parties agree that state regulation of federal elections must be enacted through the state's legislative process." Doc. 79, p. 8. The Secretary has consistently taken the position that state legislative processes, even those that impact the Legislature's power to regulate the time, place or manner of congressional elections, can be imposed via constitutional amendment and are not dependent on the consent of the Legislature. A state retains the authority, via constitutional amendment, to define and limit the Legislature's lawmaking power. Following such a constitutional amendment, the Legislature's passage of congressional redistricting laws is subject to the limitations on legislative power imposed by the state constitution.

5

          Respectfully submitted,

          _____s/Harry O. Thomas_____
          Harry O. Thomas (Fla. Bar No. 195097)
          hthomas@radeylaw.com
          Radey, Thomas, Yon & Clark, P.A.
          301 S. Bronough Street, Suite 200 (32301)
          Post Office Box 10967
          Tallahassee, Florida  32302-2967
          Telephone:     (850) 425-6654
          Facsimile:       (850) 425-6694

          ATTORNEYS FOR DEFENDANT
          KURT S. BROWNING, in his Official Capacity
          as Florida Secretary of State

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a copy of the foregoing was electronically served through the Court's CM/ECF system, unless otherwise noted, this 12th day of July, 2011, to the following:

| | |
|---|---|
| **Stephen M. Cody** (334685)<br>stcody@stephencody.com<br>16610 SW 82 Court<br>Palmetto Bay, Florida  33157<br>Telephone:     305-753-2250<br>Facsimile:       305-468-6421<br>*Attorney for Plaintiffs*<br>*Mario Diaz-Balart and Corrine Brown* | **Miguel De Grandy** (332331)<br>mad@degrandylaw.com<br>800 Douglas Road, Suite 850<br>Coral Gables, Florida 33134-2088<br>Telephone:     305-444-7737<br>Facsimile:       305-443-2616<br>*Attorneys for Intervening Plaintiff,*<br>*Florida House of Representatives* |
| **George N. Meros, Jr.** (263321)<br>gmeros@gray-robinson.com<br>**Allen C. Winsor** (016295)<br>awinsor@gray-robinson.com<br>Gray Robinson PA<br>301 S. Bronough Street, Suite 600<br>Tallahassee, Florida  32301<br>Telephone:     (850) 577-9090<br>Facsimile:       (850) 577-3311<br>*Attorneys for Intervening Plaintiff,*<br>*Florida House of Representatives* | **Randall C. Marshall** (181765)<br>rmarshall@aclufl.org<br>American Civil Liberties Union<br> Foundation of Florida<br>4500 Biscayne Blvd., Suite 340<br>Miami, Florida  33137-3227<br>Telephone:     786-363-2700<br>Facsimile:       786-363-1108<br>   -and- |

**Moffatt Laughlin McDonald**
lmcdonald@aclu.org
American Civil Liberties Union
 Foundation, Inc.
230 Peachtree St., N.W., Suite 1440
Atlanta, Georgia   30303-1227
Telephone:     (404) 523-2721
Facsimile:      (404) 653-0331
*Attorneys for Defendants*
*ACLU of Florida, Howard Simon,*
*Susan Watson, Joyce Hamilton Henry,*
*and Benetta Standly*

**Michael B. DeSanctis**
mdesanctis@jenner.com
**Paul M. Smith**
psmith@jenner.com
Jenner & Block, LLP
1099 New York Avenue, NW
Washington, DC   20001
Telephone:     202-639-6000
Facsimile:     202-639-6066
         -and-
**Charles G. Burr** (0689416)
Burr & Smith, LLP
442 W. Kennedy Blvd., Suite 300
Tampa, FL   33606
Telephone:      813-253-2010
Facsimile:       813-254-8391
         -and-
**J. Gerald Hebert**
GHebert@campaignlegalcenter.org
191 Somervelle Street, #405
Alexandria, VA   22304
Telephone:      703-628-4673
Facsimile:       703-567-5876
            -and-

**Stephen Frederick Rosenthal** (0131458)
srosenthal@podhurst.com
Podhurst Orseck Josefsberg, et al.
City National Bank Building
25 W. Flagler St., Suite 800
Miami, Florida   33130-1780
Telephone:     305-358-2800
Facsimile:      305-358-2382
*Attorneys for Intervening Defendants*
*Leon W. Russell, Patricia T. Spencer,*
*Carolyn H. Collins, Edwin Enciso,*
*Stephen Easdale, Florida State*
*Conference of NAACP Branches,*
*and Democracia Ahora*

**Stuart H. Singer** (377325)
ssinger@bsfllp.com
**Carl Edward Goldfarb** (125891)
cgoldfarb@bsfllp.com
Boies, Schiller, and Flexner, LLP
401 E. Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida   33301
          -and-
**Jon L. Mills** (148286)
jmills@bsfllp.com
Boies, Schiller, and Flexner, LLP
100 S.E. Second Street, Suite 2800
Miami, Florida   33131
Telephone:     305-539-8400
             -and-
**Karen C. Dyer** (716324)
kdyer@bsfllp.com
**Gary K. Harris** (0065358)
gharris@bsfllp.com
Boies, Schiller & Flexner LLP
121 S. Orange Avenue, Suite 840
Orlando, Florida   32801
Telephone:     407-425-7118
Facsimile:      407-425-7047
               -and-

**Joseph W. Hatchett** (34486)
joseph.hatchett@akerman.com
Akerman Senterfitt
106 East College Avenue, 12th Floor
Tallahassee, Florida  32301
Telephone:     850-224-9634
Facsimile:     850-222-0103
*Attorneys for Intervening Defendants*
*Janet Cruz, Arthenia L. Joyner,*
*Luis R. Garcia, Joseph A. Gibbons,*
*and Perry E. Thurston*

        s/Harry O. Thomas
Harry O. Thomas