UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10 - CV- 23968 -UNGARO

MARIO DIAZ-BALART and CORRINE
BROWN,

    Plaintiffs,

and

THE FLORIDA HOUSE OF
REPRESENTATIVES,

    Plaintiff-Intervenor,

vs.

KURT BROWNING, in his official capacity as
Secretary of State of the State of Florida,

    Defendant,

and

FLORIDA STATE CONFERENCE OF
NAACP BRANCHES, *et al.*,

    Intervening Defendants.

_____

**PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S
JOINT SUR-REPLY IN OPPOSITION TO THE
SECRETARY OF STATE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Mario Diaz-Balart and Corrine Brown, and Plaintiff-Intervenor The Florida House of Representatives, (collectively "Plaintiffs"), pursuant to this Court's order granting leave (Doc. 80), respectfully submit this joint sur-reply in opposition to the Secretary of State's Motion for Summary Judgment.[1]

---

[1] An unsigned, undated copy of this document was previously filed as an attachment to Plaintiffs' Joint Motion for Leave to File a Sur-reply (Doc. 79.) Following this Court's order granting the Motion, Plaintiffs now re-file the sur-reply as a signed, standalone document.

## **ARGUMENT**

In his reply brief in support of his motion for summary judgment, the Secretary of State for the first time argued that "Amendment 6 does *not* regulate the manner of holding elections." (Doc. 77 at 8) (emphasis added). This is contrary to the Secretary's earlier argument, that "Amendment 6 *is* an appropriate regulation of the manner of federal elections." (Doc. 71 at 15) (emphasis added). With respect to whether Amendment Six regulates the manner of federal elections, the Secretary had it right the first time.

The text of Amendment Six unequivocally precludes this argument. As enacted, Amendment Six governs the "Standards for Establishing Congressional District Boundaries." Moreover, it has long been understood that redistricting "standards" for state legislatures to follow are themselves regulations of elections. The Elections Clause delegates regulation of the "Manner of holding Elections" to each state Legislature, but it also provides that "Congress may at any time make or alter such Regulations." U.S. Const. art. I, § 4. Congress has regularly used its authority to make "such Regulations" by imposing redistricting standards. For example, state legislatures currently may draw only single-member districts. *See* 2 U.S.C. § 2c. Formerly, Congress mandated compact districts—just as Amendment Six would. *See* 31 Stat. 733; *see also* (Doc. 67 at 19 n.12). Even though these "standards" left the actual line drawing to state legislatures, they certainly regulated the manner of elections. *See League of United Latin American Citizens v. Perry*, 548 U.S. 399, 415 (2006) ("Congress, as the text of the Constitution['s Elections Clause] also provides, may set further requirements, and with respect to districting it has generally required single-member districts.") (Kennedy, J.). In *Vieth v. Jubelirer*, 541 U.S. 267, 276 (2004) (plurality), the Court explored the history of congressional redistricting standards, which, it noted, were imposed under "[t]he power bestowed on Congress

to regulate elections." *Id.* Indeed, as the Secretary acknowledged in an earlier brief, Congress's Apportionment Acts demonstrate that redistricting standards regulate "the manner of federal elections." (Doc. 71 at 17 n.11.) If redistricting standards imposed by Congress regulate the manner of elections, then redistricting standards imposed by the Florida Constitution do too.

Moreover, the Secretary submitted Amendment Six to the Department of Justice for pre-clearance under Section 5 of the Federal Voting Rights Act, which applies only to "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting." *See Presley v. Etowah County Comm'n*, 502 U.S. 491, 494 (1992) (quoting statute). If Amendment Six were nothing more than a limitation on the authority of elected officials, pre-clearance would have been unnecessary. *See id.* at 505-06 (rejecting "the view advanced by appellants and the United States, every time a state legislature acts to diminish or increase the power of local officials, preclearance would be required").[2]

The Secretary's new argument also highlights the weakness of Defendants' case. All parties agree that state regulation of federal elections must be enacted through the state's legislative process. Thus, Defendants must demonstrate either (i) Amendment Six *is not* a regulation of federal elections or (ii) it *was* enacted through the legislative process.

After appropriately conceding that Amendment Six was *not* enacted through the legislative process, (Doc. 77 at 2),[3] the Secretary now contends that Amendment Six is *not* a

---

[2] Notably, Intervening Defendants League of Women Voters of Florida, Democracia Ahora, and the Florida State Conference of NAACP Branches, along with others, sued the Secretary in this Court, seeking to force the submission of Amendment Six to the Department of Justice. *See LOWV, et al. v. Rick Scott and Kurt Browning*, Case No. 4:11-cv-10006-KMM. This Court dismissed the case for lack of jurisdiction. *See id.*, doc. 30 (Apr. 15, 2011).

[3] The Secretary correctly explains that "Amendment 6 was not enacted through the ordinary legislative process. Constitutional amendments are never enacted through the ordinary legislative process, as there are fundamental differences between ordinary legislation and constitutional provisions, and there are, by constitutional design, distinct procedures for

3

regulation of federal elections. Intervening Defendants maintain the opposite; they argue that Amendment Six "was indeed adopted as part of the legislative process," and that the citizen initiative "is an integral part of that process." (Doc. 78 at 6.) Through these diametrically opposed approaches, Defendants hope to convince this Court that Amendment Six is no different than the veto provision in *Smiley* or the referendum provision in *Hildebrant*. But it is fundamentally different. Minnesota's general veto provision, and Ohio's general referendum provision regulated only those states' legislative processes—not the manner of federal elections. Substantive redistricting standards, on the other hand (whether imposed by Congress or a state constitution), *do* regulate the manner of federal elections.

Finally, if the Secretary were correct that a constitutional provision could substantively dictate the legislature's redistricting actions without itself regulating elections, then the Elections Clause's use of "by the Legislature thereof" would have little meaning. The Secretary suggests no limit to what substantive limitations would be permissible. The Secretary's argument would therefore permit a state constitutional provision demanding the Legislature draw specific districts—or even demanding the Legislature adopt a plan crafted by a state executive. *But see Libertarian Party of Ohio v. Brunner*, 567 F. Supp. 2d 1006, 1011 (S.D. Ohio 2008) ("Plaintiffs correctly contend that only the legislative branch has the authority, under Articles I and II of the United States Constitution, to prescribe the manner of electing candidates for federal office.").

The Secretary's new argument is wrong. Amendment Six regulates the manner of federal elections. And because the Elections Clause authorizes only regulations adopted through the legislative process, Amendment Six is invalid.

---

amending the Florida Constitution and enacting Florida Statutes." (Doc. 77 at 2.) The Intervening Defendants strain to make the directly contrary argument, notwithstanding the plain language of the Florida Constitution. (Doc. 78 at 6.)

4

Respectfully submitted this twelfth day of July, 2011.

/s/ *Stephen M. Cody*  
Stephen M. Cody  
Fla. Bar No. 334685  
16610 SW 82 Court  
Palmetto Bay, Florida 33157  
(305) 753-2250  
Fax (305) 468-6421  
stcody@stephencody.com  
*Attorneys for Plaintiffs Corrine Brown and Mario Diaz-Balart*

/s/ *Allen Winsor*  
George N. Meros, Jr.  
Fla. Bar No. 263321  
Allen Winsor  
Fla. Bar No. 016295  
GRAYROBINSON PA  
Post Office Box 11189  
Tallahassee, FL 32302  
(850) 577-9090  
Fax (850) 577-3311  
gmeros@gray-robinson.com  
awinsor@gray-robinson.com  
- *and-*  
Miguel De Grandy  
Florida Bar No. 332331  
800 Douglas Road, Suite 850  
Coral Gables, Florida 33134  
(305) 444-7737  
Fax (850) 443-2616  
mad@degrandylaw.com  
*Attorneys for Intervening Plaintiff, Florida House of Representatives*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was electronically served through the Court's CM/ECF system, unless otherwise noted, this twelfth day of July, 2011 to the following:

Harry Thomas
Radey Thomas Yon and Clark
301 South Bronough Street
Suite200
Tallahassee, Florida  32301
Phone:  850-425-6654
Email:  hthomas@radeylaw.com
*Attorneys for the Florida Secretary of State*

Michael B. DeSanctis
Paul M. Smith
Jenner & Block, LLP
1099 New York Avenue, NW
Washington, DC 20001
Phone:  202-639-6000
Email: eharen@jenner.com
*Attorneys for Intervenors Leon Russell, Patricia T Spencer, Carolyn H Collins, Edwin Enciso, Stephen Easdale, Florida State Conference of NAACP Branches and Democracia Ahora*

J. Gerald Hebert
191 Somervelle Street, #405
Alexandria, VA 22304
Phone:  703-628-4673
Fax:  567-5876
Email: GHebert@campaignlegalcenter.org
*Attorneys for Intervenors Leon Russell, Patricia T Spencer, Carolyn H Collins, Edwin Enciso, Stephen Easdale, Florida State Conference of NAACP Branches and Democracia Ahora*

M. Laughlin McDonald
ACLU Foundation
230 Peachtree St., NW, Suite 1440
Atlanta, Georgia 30303
Phone:  404-523-2721
Email:  lmcdonald@aclu.org

Randall C. Marchall
ACLU Foundation
4500 Biscayne Blvd., Suite 340
Miami, Florida  33137
Phone: 786-363-2700
*Attorneys for Intervenors ACLU of Florida; Howard Simon, Benetta M. Standly, Susan Watson, and Joyce Hamilton Henry*

Stephen Frederick Rosenthal
Podhurst Orseck Josefsberg et al
City National Bank Building
25 W Flagler Street
Suite 800
Miami, FL 33130-1780
Phone: 305-358-2800
Fax: 305-358-2382
Email: srosenthal@podhurst.com
*Attorneys for Intervenors Leon Russell, Patricia T Spencer, Carolyn H Collins, Edwin Enciso, Stephen Easdale, Florida State Conference of NAACP Branches and Democracia Ahora*

Carl Edward Goldfarb
Boies Schiller & Flexner
401 E Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Phone: 954-356-0011
Fax: 356-0022
Email: cgoldfarb@bsfllp.com
*Attorneys for Janet Cruz, Arthenia L. Joyner, Luis R. Garcia, Joseph A. Gibbons and Perry E. Thurston*

Joseph W. Hatchett
Akerman Senterfitt
106 East College Avenue
12th Floor
Tallahassee, FL  32301
Tel: 850.224.9634
Fax: 850.222.0103
Email joseph.hatchett@akerman.com
*Attorneys for Janet Cruz, Arthenia L. Joyner, Luis R. Garcia, Joseph A. Gibbons and Perry E. Thurston*

Jon L. Mills
Boies, Schiller, and Flexner, LLP
100 S.E. Second Street
Suite 2800
Miami, FL 33131
Phone  305-539-8400
Email: jmills@bsfllp.com
*Attorneys for Janet Cruz, Arthenia L. Joyner, Luis R. Garcia, Joseph A. Gibbons and Perry E. Thurston*

Stuart H. Singer
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL  33301
Phone: 954-356-0011
Email:  ssinger@bsfllp.com
*Attorneys for Janet Cruz, Arthenia L. Joyner, Luis R. Garcia, Joseph A. Gibbons and Perry E. Thurston*

/s/  Allen Winsor
Allen Winsor